| | |
|---|---|
| JATINDER SINGH and GOLDLINE TRUCKS INC., | CIVIL ACTION |
| Plaintiffs, | No. |
| v. | |
| COUNTYLINE SERVICES LLC, CANOPIUS GROUP LIMITED, and TRINITY UNDERWRITERS, LLC, | |
| Defendants. | |

## NOTICE OF REMOVAL

Without waiving any defenses, Defendant Canopius Group Limited ("Canopius"), by and through their attorneys hereby remove this civil action, pending in the Milwaukee County Circuit Court, Case No.: 2026CV001244, to the United States District Court for the Eastern District of Wisconsin, pursuant to 28 U.S.C. §§ 1332 and 1441.

### I.  INTRODUCTION

1.     On February 13, 2026, Plaintiff Jatinder Singh and Gold Line Trucks Inc. ("Gold Line") (collectively, "Plaintiffs") filed a Complaint in the Milwaukee County Circuit Court, against Countyline Services, LLC ("Countyline"), Canopius, and Trinity Underwriters, LLC ("Trinity"), (collectively, "Defendants") captioned *Jatinder Singh et al vs. Countyline Services, LLC et al* Case No.: 2026CV001244 (the "State Court Action"). A copy of the Complaint is attached hereto as Exhibit A.

2.     Plaintiffs allege that they procured a Motor Truck Cargo and Property Damage certificates of insurance (Policy No. CUS7300-MTC-89757-COUN and CUS7300-APD-89757-COUN), effective December 31, 2024–December 31, 2025, through Countyline and Trinity.

1

Plaintiffs allege that they paid an initial premium by wire in early January 2025, and were assured that coverage remained in force despite temporary problems with the finance portal when they attempted to make additional payments. On February 11, 2025, while hauling a Costco load from Indiana to Wisconsin, Plaintiffs' truck and trailer were involved in an accident in Indiana, allegedly resulting in equipment, towing, and cargo losses exceeding $500,000. When Plaintiffs tendered a claim the same day, Trinity allegedly issued an immediate cancellation letter and Defendants refused to provide coverage for the loss.

3. Plaintiffs assert multiple Wisconsin-law causes of action against all three Defendants, including breach of contract, breach of the implied covenant of good faith and fair dealing, and a statutory "honesty in fact" claim premised on Defendants' alleged acceptance of premium payments while later denying coverage for purported nonpayment. As to Countyline specifically, Plaintiffs allege intentional (fraudulent), strict-liability, and negligent misrepresentation, contending Countyline falsely represented that the policy was active and would cover the truck, trailer, and load. Plaintiffs further bring statutory claims against Countyline for civil theft under Wis. Stat. §§ 943.20 and 895.446 and for deceptive trade practices under Wis. Stat. § 100.18, alleging deceptive acquisition of premium funds and misleading sales representations about coverage.

4. Canopius was served with the Complaint on March 2, 2026. *See* Ex. B, Plaintiffs' Affirmation/Declaration of Service.

5. Trinity is the only other defendant, aside from Canopius, who has been properly served in the matter, and Trinity consents to this removal. *See* Ex. C, Consent to Removal.

6. Based on the State Court Action docket, Countyline has not been properly served in the State Court Action and Plaintiff has not filed an Affidavit/Declaration of Service. Thus,

2

Countyline need not consent to removal. *See Diversey, Inc. v. Maxwell*, 798 F. Supp. 2d 1004, 1005 (E.D. Wis. 2011) (unserved defendant need not consent to removal)

7. This Notice of Removal is being filed within thirty (30) days of all Defendants who have been properly served and joined, receiving a copy of the Complaint in accordance with Fed. R. Civ. P. 6(a)(1). Accordingly, this Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b)(3).

## II. ALL REQUIREMENTS FOR REMOVAL ARE SATISFIED

8. This is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and may be removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1446, because it is an action between citizens of different states wherein the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

9. Plaintiffs and Defendants are completely diverse in citizenship, and all other requirements for removal on the basis of diversity-of-citizenship jurisdiction are met as set forth below. Accordingly, removal to this Court is proper.

### A. The Parties Are Completely Diverse in Citizenship

10. Jatinder Singh resides in Wisconsin and owns real property in Wisconsin. Accordingly, he is domiciled in Wisconsin and is thus a citizen of Wisconsin for purposes of diversity jurisdiction. Ex. A, Compl. ¶ 1.

11. Gold Line is a corporation. It is incorporated in Wisconsin, and its principal place of business is in Wisconsin. Gold Line is therefore a citizen of Wisconsin for purposes of diversity jurisdiction. Ex. A, Compl. ¶ 2.

3

12. Countyline is a corporation. It is incorporated in Washington, and its principal place of business is in Washington. Countyline is therefore a citizen of Washington for purposes of diversity jurisdiction. Ex. A, Compl. ¶ 3.

13. Canopius Group Limited is a foreign corporation. It is registered and incorporated in Jersey, Channel Islands. Canopius is therefore a citizen of Jersey, Channel Islands for purposes of diversity jurisdiction.

14. Trinity Underwriters, LLC. ("Trinity") is a corporation. It is incorporated in Kentucky, and its principal place of business is in Kentucky. Trinity is therefore a citizen of Kentucky for purposes of diversity jurisdiction.

**B. The Amount in Controversy Requirement Is Satisfied**

15. The Complaint alleges that "an accident occurred, causing damage to Plaintiffs' truck, trailer, towing, and load of over $500,000." *See* Ex. A, Compl. ¶ 19.

16. Additionally, that "Defendants have refused to make payments under the insurance policies provided to Plaintiff, which has caused damages to Plaintiff exceeding $500,000," and "Plaintiffs have sustained monetary damages over $500,000." *See* Ex. A, Compl. ¶¶ 21, 26.

17. Plaintiff requests compensatory damages for "money damages, punitive damages, all costs of investigation and litigation, reasonable attorney fees, exemplary damages, and all other damages according to the allegations of this complaint."

18. As such, the amount in controversy exceeds $75,000.00.

**C. All Other Requirements Are Satisfied**

19. <u>Canopius' removal is timely</u>. A notice of removal may be filed within 30 days after service of the state court complaint. Plaintiffs served their Complaint on Canopius on March 2, 2026. Canopius is filing this Notice of Removal on April 1, 2026. Removal is therefore timely.

20.    This Court is the proper venue for removal. Venue is proper in this district under 28 U.S.C. § 1441(a) because this Court encompasses Milwaukee County, Wisconsin, where the State Court Action was filed.

21.    Canopius is attaching all process, pleadings, and orders. Pursuant to 28 U.S.C. § 1446(a), Canopius files herewith (Exhibit A) a true and correct copy of the Complaint and all other process, pleadings, and orders served upon Defendants in the State Court Action.

22.    Canopius will notify Plaintiffs and the state court clerk promptly. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon Plaintiffs' counsel and filed with the clerk of the Milwaukee County Circuit Court.

## RESERVATION OF RIGHTS

23.    Canopius does not concede in any way that the allegations in the Complaint are properly raised or that the Plaintiffs have asserted claims upon which relief can be granted, or that recovery of any of the amounts sought is authorized or appropriate.  Canopius reserves the right to amend or supplement this notice of removal.  If any questions arise as to the propriety of the removal of the action, Canopius requests the opportunity to present a brief and argument in support of its position that the case is removable.

24.    Canopius reserves all rights, including, but not limited to, defenses and objections as to lack of personal jurisdiction and Plaintiffs' failure to state a claim upon which relief can be granted.  The filing of this notice is subject to, and without waiver of, any such defenses or objections.

25.    In removing the State Court Action, Canopius makes no admission regarding, and specifically reserves the right to challenge, whether it is a correctly named party in this matter.

5

WHEREFORE, notice is hereby given that this action is removed from the Milwaukee

County Circuit Court to the United States District Court for the Eastern District of Wisconsin,

Milwaukee Division.


Dated:  April 1, 2026

Kevin F. Kieffer (*pro hac vice* to be filed)
TROUTMAN PEPPER LOCKE LLP
kevin.kieffer@troutman.com
100 Spectrum Center Drive, Suite 1500
Irvine, CA 92618
(949) 622-2700

Thomas S. Hay (*pro hac vice* to be filed)
TROUTMAN PEPPER LOCKE LLP
thomas.hay@troutman.com
Union Trust Building
501 Grant Street, Suite 300
Pittsburgh, PA 15219
(412) 454-5812

Respectfully Submitted,
TROUTMAN PEPPER LOCKE LLP
By: /s/
Kevin M. LeRoy
111 South Wacker Drive, Suite 4100
Chicago, IL 60606
kevin.leroy@troutman.com
(312) 759-1938

6